**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAPITAL VENTURES INTERNATIONAL,<br><br>          Plaintiff,<br><br>   v.<br><br>J.P. MORGAN MORTGAGE ACQUISITION CORP.; J.P. MORGAN ACCEPTANCE CORPORATION I; J.P. MORGAN SECURITIES LLC; STRUCTURED ASSET MORTGAGE INVESTMENTS II, INC.; BEAR STEARNS ASSET BACKED SECURITIES I, LLC; and EMC MORTGAGE LLC,<br><br>          Defendants. | Civil Action No.<br>1:12-cv-10085-DPW<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' MOTION TO STRIKE AND TO DISMISS THE COMPLAINT**

The undersigned defendants ("Defendants") hereby move, pursuant to Federal Rule of Civil Procedure 12(f) and Federal Rule of Civil Procedure 12(b)(6), as applicable, to strike any impertinent or immaterial matter and to dismiss with prejudice Capital Ventures International's ("Capital Ventures") complaint filed in the above-captioned action: <u>Capital Ventures International v. J.P. Morgan Mortgage Acquisition Corp., et al.</u>, No. 1:12-cv-10085, filed January 13, 2012 (the "Complaint").

This Motion should be granted because, as more fully explained in the accompanying Defendants' Memorandum of Law in Support of Their Motion to Strike and to Dismiss the Complaint, and supported by the accompanying declaration of Derek Musa and the exhibits thereto, the Complaint improperly relies on unsubstantiated and unadjudicated

allegations from complaints in other civil actions, which are impertinent or immaterial as a matter of law and should thus be stricken under Federal Rule of Civil Procedure 12(f).

In addition, this Motion should be granted because, as more fully explained in the accompanying Defendants' Memorandum of Law in Support of Their Motion to Strike and to Dismiss the Complaint, and supported by the accompanying declaration of Derek Musa and the exhibits thereto, the Complaint fails to state a claim against any of the Defendants for violation of the Massachusetts Uniform Securities Act and is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(6).

For these reasons, the Court should strike any redundant, immaterial, impertinent, or scandalous matter in the Complaint and dismiss the Complaint in its entirety with prejudice.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Defendants request oral argument on the Motion.

Dated:  April 2, 2012                                       Respectfully submitted,

 /s/ Derek Musa
Robert H. Baron (admitted *pro hac vice*)
Karin DeMasi (admitted *pro hac vice*)
J. Wesley Earnhardt (admitted *pro hac vice*)
Derek Musa (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
rbaron@cravath.com
kdemasi@cravath.com
wearnhardt@cravath.com
dmusa@cravath.com

Beth I.Z. Boland, BBO #553654
Christina N. Davilas, BBO #655477
Jacqueline Syrnick, BBO #676284
BINGHAM MCCUTCHEN LLP
One Federal Street
Boston, MA 02110-1726
(617) 951-8000
Beth.boland@bingham.com
Christina.davilas@bingham.com
Jacqueline.syrnick@bingham.com

*Counsel for J.P. Morgan Mortgage Acquisition Corp., J.P. Morgan Acceptance Corporation I, J.P. Morgan Securities LLC, Structured Asset Mortgage Investments II, Inc., Bear Stearns Asset Backed Securities I, LLC, and EMC Mortgage LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 2, 2010.

                                          /s/  Derek Musa
                                            Derek Musa