UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAPITAL VENTURES INT'L
    Plaintiff(s)
    v.              Civil Action No.  12-10085-DPW

J.P. MORGAN MORTGAGE ACQUISITION CORP., et al
    Defendant(s)

## **NOTICE OF SCHEDULING INITIAL SCHEDULING CONFERENCE, ORDER FOR JOINT STATEMENT AND CERTIFICATIONS, AND ORDER FOR ELECTRONIC FILING**

  An INITIAL SCHEDULING CONFERENCE will be held with Judge Woodlock in **Courtroom No.  1  on the  3rd  floor at  10:00  a.m. on  May 18, 2012   at the Joseph Moakley United States Courthouse in Boston, MA**, in accordance with Fed. R. Civ. P. 16(b) and Local Rules (LR) 16.1 and 16.6 (for patent cases).  The court considers attendance of the senior lawyers ultimately responsible for the case and compliance with sections (B), (C), and (D) of LR 16.1[1] and LR 16.6 for patent cases to be of the utmost importance. In addition, the attention of counsel is directed to the attached Standing Order for this session regarding Courtroom Opportunities for Relatively Inexperienced Attorneys, attached to the notice.  Counsel may be given a continuance only if actually engaged on trial.  Failure to comply fully with this notice and with sections (B), (C), and (D) of LR 16.1 and section (A) of LR 16.6 for patent cases may result in sanctions under LR 1.3.  By no later than two (2) weeks after the conference, the parties shall comply with Local Rule 26.2(A) no party may initiate and formal discovery unless that party has complied with the requirements of Local Rule 26.2 in its entirety. **The parties should be prepared to address any outstanding issues or motions at the scheduling conference.** Counsel for the plaintiff is responsible for ensuring that all parties and/or their attorneys, who have not filed an answer or appearance with the court, are notified of the scheduling conference date.

---

[1] **These sections of Local Rule 16.1 (See LR 16.6 for additional provisions for patent cases) provide:**

  **(B) Obligation of counsel to confer.**  Unless otherwise ordered by the judge, counsel for the parties shall, pursuant to Fed.R.Civ.P. 26(f), confer no later than twenty one (**21**) days before the date for the scheduling conference for the purpose of:

  **(1) preparing an agenda of matters to be discussed at the scheduling conference,**

  **(2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and**

  **(3) considering whether they will consent to trial by magistrate judge.**

  **(C) Settlement proposals.**  Unless otherwise ordered by the judge, the plaintiff shall present written settlement proposals to all defendants no later than fourteen (14) days before the date for the scheduling conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the scheduling conference and be prepared to respond to the proposals at the scheduling conference.

  **(D) Joint statement.**  Unless otherwise ordered by the judge, the parties are required to file, no later than seven (7) business days before the scheduling conference and after consideration of the topics contemplated by Fed.R.Civ.P. 16(b) and 26(f), a joint statement containing a proposed pretrial schedule, which shall include:

  **(1) a joint discovery plan scheduling the time and length for all discovery events, that shall**

    **(a) conform to the obligation to limit discovery set forth in Fed. R. Civ. P. 26(b), and**

    **(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not terminate, the second phase is directed at information needed to prepare for trial; and**

  **(2) a proposed schedule for the filing of motions; and**

  **(3) certifications signed by counsel and by an authorized representative of each party affirming that each party and that party's counsel have conferred:**

    **(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation; and**

    **(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.**

  To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on what the pretrial schedule should be, they shall set forth separately the items on which they differ and indicate the nature of that difference.  The purpose of the parties' proposed pretrial schedule or schedules shall be to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, shall be considered by the judge as advisory only.

**ORDER FOR ELECTRONIC FILING**

1. Electronic Filings of Pleadings with this Court:

    A. It is hereby ORDERED that, unless leave is granted, upon good cause shown, to file paper documents in lieu of electronic filing via this Court's CM/ECF system, **ALL** future submissions in this case must be electronically filed. Such filings shall be made in accordance with, and subject to, the terms and conditions of electronic filing as set forth by this Court. All parties and counsel who choose to appear in this action must make arrangements to register for participation in electronic case filing, if they have not already done so.

    B. In compliance with the Policy of the Judicial Conference of the United States, and the E-Government Act of 2002, and in order to promote in all civil actions, counsel and *pro se* litigants shall read and comply with Local Rule 5.3 governing personal data identifiers (that is: security numbers; dates of birth; names of minor children; and financial account numbers). These personal identifiers shall be redacted before documents, including exhibits, are filed for the public file within the CM/ECF system. Failure to comply with the Local Rule may result in sanctions (such as the striking of a pleading or the imposition of monetary penalties). A party wishing to file a document containing the personal data identifiers may file an unredacted document under seal, pursuant to Local Rule 7.2. This document shall be retained by the court as part of the record. The court may, however, still require the party to file a redacted copy for the public file. The responsibility for redacting these personal identifiers rests solely with counsel and the parties. The Clerk will not review each pleading for compliance with this rule.

2.    Notices of Hearings, Rulings and Orders of this Court:

    It is FURTHER ORDERED that Notices, Orders and Memoranda of the Court will only be filed and served electronically. Once a party or counsel has registered for electronic filing, it is his/her responsibility to monitor his/her e-mail to ensure receipt of electronic notices. Any changes in e-mail addresses must be reported to the Court immediately. Unless exempt or otherwise ordered by the court, all pleadings and other papers must be filed, signed, and served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user. Any pleading or other paper served by electronic means must bear a certificate of service in accordance with Local Rule 5.2(b). The certificate shall be a brief, single-spaced statement and may be in the following form:

    I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each other party by mail (by hand) on (date). (Signature)

3. Help Information

    A. Attorneys admitted to the bar of this court, including attorneys admitted *pro hac vice*, must register as filing users of the court's ECF system prior to filing any pleadings electronically. Registration can be accomplished by filling in the online ECF registration or by completing an ECF Registration Form, a copy of which is on the court's web page (**www.mad.uscourts.gov**). If not submitted online, completed ECF Registration Forms should be mailed or hand delivered to:

    Clerk, United States District Court
    Attn: CM/ECF Registration
    John Joseph Moakley United States Courthouse
    1 Courthouse Way, Suite 2300
    Boston, MA 02210

B. Any one who is a party to a civil action, and not a prisoner, and who is not represented by an attorney may register as a filing user in the ECF system. The party must attend a training session offered by the clerk's office on the ECF system and have the approval of the judicial officer assigned to the case before an ECF log-in is issued. If during the course of the action the person retains an attorney who appears on the person's behalf, the Clerk shall terminate the person's registration upon the attorney's appearance.

By: **/s/ Jarrett Lovett**
Courtroom Deputy Clerk

Date: 4/6/12

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

## STANDING ORDER REGARDING COURTROOM OPPORTUNITIES FOR RELATIVELY INEXPERIENCED ATTORNEYS

Courtroom opportunities for relatively inexperienced attorneys, particularly those who practice at larger firms, have declined precipitously across the nation in recent years. That decline is due to a variety of factors, but has been exacerbated by the proliferation of rules and orders such as this Court's Notice of Initial Scheduling Conference requiring the appearance of "senior" or "lead" counsel in many court proceedings.

In an effort to counter this trend, this session, adopting the policy developed in the Central Division by Judge Saylor and Magistrate Judge Hillman, strongly encourages the participation of relatively inexperienced attorneys in all court proceedings. Such attorneys may handle not only relatively routine matters (such as scheduling conferences or discovery motions), but may also handle, where appropriate, more complex matters (such as motions for summary judgment or the examination of witnesses at trial). The following cautions, however, shall apply.

First, even relatively inexperienced attorneys will be held to the highest professional standards with regard to any matter as to which experience is largely irrelevant. In particular, all attorneys appearing in court are expected to be appropriately prepared, regardless of experience. For example, any attorney who is arguing a motion for summary judgment is expected to be thoroughly familiar with the factual record and the applicable law.

Second, all attorneys appearing in court should have a degree of authority commensurate with the proceeding that they are assigned to handle. For example, an attorney appearing at a scheduling conference ordinarily should have the authority to propose and agree to a discovery schedule and any other matters reasonably likely to arise at the conference.

Third, relatively inexperienced attorneys who participate in evidentiary hearings of substantial complexity, such as examining a witness at trial, should be accompanied and supervised by a more experienced attorney, unless leave of Court is granted to proceed otherwise.

Counsel are encouraged to seek additional guidance from the Court in particular cases concerning the scope or application of this policy.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

February 1, 2008