IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Capital Ventures International,<br><br>        Plaintiff,<br><br>    v.<br><br>J.P. Morgan Mortgage Acquisition Corp.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Securities LLC; Structured Asset Mortgage Investments II, Inc.; Bear Stearns Asset Backed Securities I, LLC; and EMC Mortgage LLC,<br><br>        Defendants. | Civil Action No.<br>1:12-cv-10085-DPW |

## STIPULATION AND JOINT MOTION
## TO CONTINUE RULE 16 SCHEDULING CONFERENCE

Plaintiff Capital Ventures International ("Plaintiff") and Defendants J.P. Morgan Mortgage Acquisition Corp.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Securities LLC; Structured Asset Mortgage Investments II, Inc.; Bear Stearns Asset Backed Securities I, LLC; and EMC Mortgage LLC (collectively, the "Defendants") hereby jointly move to continue the initial scheduling conference, set for May 18, 2012, and attendant requirements under Fed. R. Civ. P. 16(b) and Local Rules 16.1 and 26.2, including the joint statement and certifications required thereunder, until after the pending motion to dismiss is resolved.

On February 3, 2012, the parties filed a stipulation and joint motion (Dkt. # 7) setting the briefing schedule for Defendants' motion to dismiss the complaint in this action, with such briefing to begin on April 2, 2012 and to be completed by July 2, 2012. On February 6, 2012, this Court entered an order granting/approving the stipulation and joint motion.

Given that the entry of this briefing schedule and the pendency of a comprehensive motion to dismiss, which might alter the scope and/or nature of the claims at issue in, as well as

the parties to, the litigation, the parties have stipulated and agreed, in the interests of efficiency and subject to the approval of the Court, as follows:

1. The initial scheduling conference, set for May 18, 2012, and attendant requirements under Fed. R. Civ. P. 16(b) and Local Rules 16.1 and 26.2, including the joint statement and certifications thereunder, shall be continued until after the pending motion to dismiss is resolved.

2. No discovery shall occur during the motion to dismiss briefing period set by the Court's February 6, 2012 Order.

3. After the briefing on the motion to dismiss has concluded, the parties shall meet and confer to discuss whether any discovery should occur during the pendency of the motion to dismiss. In the event the parties are not able to reach agreement, either party may move for relief on same.

SO ORDERED, this 14th day of May, 2012.

_____, J.
Douglas P. Woodlock



A/74884667.3