CLEMENTS & PINEAULT, LLP
24 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

Michael J. Pineault
mpineault@clementspineault.com

Phone: 857-445-0135
Fax: 857-366-5404

October 1, 2012

**BY HAND**

The Honorable Rya W. Zobel
c/o Ms. Lisa Urso, Courtroom Clerk
Clerk's Office
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 2300
Boston, MA 02210

**Re: Capital Ventures International v. J.P. Morgan Mortgage Acquisition Corp., et als., No. 1:12-cv-10085-RWZ**

Dear Judge Zobel:

We write to inform the Court of a recent decision applying the Massachusetts Uniform Securities Act to mortgage-backed securities claims and arguments identical to those to be considered in this Wednesday's hearing in the above-captioned matter. That opinion, *Capital Ventures International v. UBS Securities LLC*, No. 11-cv-11937 (DJC) (D. Mass. Sept. 28, 2012), is enclosed for the Court's convenience. We also simultaneously have filed a copy of this letter and its enclosure via the ECF system as a "Notice of Supplemental Authority."

In the enclosed decision, the court: (a) rejected the argument that disclaimers, such as those regarding underwriting "exceptions," defeated the underwriting-misrepresentation claims (*id*. at p. 8-9); (b) rejected the argument that, under *Lone Star*, the presence of repurchase-or-substitute clauses defeated the underwriting-misrepresentation claims (*id*. at p. 10); (c) found that Capital Ventures' complaint adequately pled falsity under *Nomura* because the poor underwriting practices were "linked" to the "principal originators" at issue (*id*. at p. 11-12); (d) found that the owner-occupancy data could be actionably misleading even where the Offering Materials disclaimed that the data came from the borrower (*id*. at p. 12-16); (e) upheld the appraisal-process, LTV, and CLTV ratio claims despite disclaimers regarding their accuracy and the purportedly "opinion" nature of appraisals (*id*. at 16-20); (f) rejected the argument that the defendants' disclaimers and other available data established that any falsities were immaterial as

a matter of law (*id*. at p. 23-24); and (g) rejected the argument that the statute of limitations clock for RMBS claimants had begun by November 2007 (*id*. at p. 25-26).[1]

Respectfully submitted,

**/s/ Michael J. Pineault**

Michael J. Pineault

cc: Beth I.Z. Boland, Esq. (via e-mail)
All other counsel of record (via ECF)

[1] The court did dismiss (without prejudice) the credit-rating representations where there was no explicit allegation that the defendants knew the ratings were false, and also dismissed the non-underwriters as not being statutory "sellers." For the reasons set forth in plaintiff's Opposition to defendants' Motion to Strike and Dismiss the Complaint, we respectfully disagree with those small portions of the UBS Court's opinion.

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on October 1, 2012.

**/s/ Michael J. Pineault**
Michael J. Pineault